[Civ. No. 9676. Third Dist. July 6, 1960.]

COUNTY OF MENDOCINO, Respondent, v. ELMER A.
PADULA et al., Appellants.

Wayne P. Burke for Appellants.

Merle P. Orchard, District Attorney, and Frank S. Peterson, Assistant District Attorney, for Respondent.

PEEK, J.—Defendants own and operate a sawmill and planing mill on somewhat less than four acres of land located on the western bank of Outlet Creek in Mendocino County. Prior to the present proceeding the property was divided by a county road which wound through it at grade level and eventually led to a bridge crossing the creek. Because of frequent washouts it was decided that a new bridge should be built slightly to the south of the one then in existence. This project required construction and elevation of the bridge approach and the abandonment of a portion of the old road where it crossed defendants' property. In addition, to complete the project as planned, it became necessary for the county to condemn approximately one-half acre of defendants' land, thus necessitating the institution of the present action in eminent domain. At the conclusion of the trial the jury awarded defendants $960 as the value of the land taken but failed to award severance damages. It is only the latter portion of the jury's verdict which is challenged by defendants on this appeal.

Defendants' primary contention, which to a degree is determinative of the other issues which they raise, is that they were entitled to severance damages as a matter of law. It is undisputed that the elevation of the new bridge approach is such that it is impossible for defendants to cross the road from the sawmill, planing mill and log pond which lie to the north, to their log and lumber storage area to the south without the use of ramps. In support of this contention defendants argue that the temporary ramps in existence at the time of trial were wholly inadequate to permit the passage of mill vehicles onto and over the road. From this they conclude that consequently the unitary operation of the two parcels has been destroyed, and since there is no other space north of the road for use as a storage area, their land can no longer ef-

fectively be put to its highest and best use, that of a sawmill. Such argument fails to consider the evidence introduced by plaintiff which was directly contrary—that the ramps were adequate; that defendants' right of cross-over was not seriously impaired by the elevation of the approach; and that defendants' remaining land had not diminished in value by reason of the plaintiff's taking of the one-half acre strip. Furthermore, it should be noted that in addition to hearing such evidence, the jury also viewed the premises.

■ It is further contended by defendants that the trial court erred in permitting the introduction of evidence of assumed or speculative benefits to defendants which tended to nullify their evidence of a right to severance damages. In particular they argue that it was improper for the court to allow the jury to offset the conjectural benefits received by defendants (1) by reason of the abandonment of part of the old road; and (2) by reason of the county's promise to build ramps to the road less steep than those then in existence and in accordance with defendants' wishes.

From our examination of the record we are not convinced that the jury did, as defendants charge, offset speculative benefits against severance damages, although it does appear that the county attempted to inject such a theory into the case. On numerous occasions, pursuant to defendants' objection, the trial court admonished the jury that it should follow only the instructions given to it by the court at the conclusion of the trial. Thereafter, in its charge, the court did not instruct the jury to offset benefits of any kind against severance damages, nor did it instruct the jury upon the requirements of section 1248, subdivision 3, of the Code of Civil Procedure. The evidence on the question of such damages ranged from nothing, as plaintiff's expert witness testified, to $100,000, as testified to by defendants themselves. Under such circumstances we must assume that the jury resolved the conflicting evidence before it in accordance with the instructions given by the trial court.

■ Defendants also contend that the court erred in refusing to strike the testimony of one James L. Lindsey, a witness for plaintiff, that no severance damage existed, on the ground that his testimony was based solely upon the assumption that the county would fulfill its promise pertaining to the future grading of the ramps. Assuming, but not so deciding, that the trial court should have granted defendants' motion to strike this testimony, nevertheless it cannot

be said that the denial of such motion was prejudicial to the defendants. The record shows that for all practical purposes any consideration of the testimony was eliminated by counsel for the county when, in his argument to the jury, he stated that little if any consideration could be given to it.

It is apparent from what has heretofore been said that the questions posed by defendants are essentially factual, and hence the conclusion of the jury is binding upon this court.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.